The Honorable Douglas Kidd State Representative P.O. Box 137 Benton, Arkansas 72018
Dear Representative Kidd:
This is in response to your request for an opinion concerningAct 146 of 1989, which is codified at A.C.A. § 6-18-502(b)(2)(D) (Repl. 1993) and A.C.A. § 5-71-227 (Repl. 1993). You note that Act 146 prohibits students at elementary and secondary schools from possessing paging devices or electronic communication devices on school campuses. You have asked for my opinion on whether cellular telephones in automobiles (i.e., in school parking lots) would fall under this act.
It is my opinion that the answer to your question is in all likelihood "no."
The act to which you refer, Act 146 of 1989, has two separate parts. First, it requires school districts across the state to have discipline policies which include, among other offenses, "[p]ossession by students of any paging device, beeper, or similar electronic communication device on the school campus; however, the policy may provide an exemption for possession of such a device by a student who is required to use such a device for health or other compelling reasons. . . ." A.C.A. §6-18-502(b)(2)(D). Second, the act makes the possession of electronic paging devices, beepers, or "similar communication device[s]" by students or persons under the age of eighteen on school property a class C misdemeanor under the Arkansas Criminal Code. See A.C.A. § 5-71-227.
The act does not define the terms "paging device," "beeper," or "similar communication device." Although it may be debated whether a cellular telephone falls within the broad category of a "similar electronic communication device," it is my opinion, when reading the act as a whole, that this construction would not be consistent with the legislative intent. In the face of an ambiguity in the language of an act, a court may look to the language of the emergency clause to shed light on the intention of the legislature. See Farm Bureau MutualInsurance Co. of Arkansas v. Wright, 285 Ark. 228, 686 S.W.2d 778
(1985). The emergency clause of Act 146 of 1989 provides that:
 It is hereby found and determined by the General Assembly that the use of electronic communication devices can be used to facilitate drug trafficking in the schools and that the use of such devices should be eliminated unless a legitimate purpose is found to exist for the possession of such devices upon the school campuses.
Act 146 of 1989, § 4.
It is my opinion that the stated intention of the Act would not be furthered by its application to cellular telephones in cars parked on campus parking lots. At the time of the enactment of Act 146, cellular telephones were not in widespread use, and were therefore not a cause of concern with respect to drug trafficking on school property. It is unlikely, therefore, that the legislature had such devices in mind when in enacted Act 146. Additionally, it is in my opinion unlikely that cellular phones would be used for drug trafficking, as the conversations on such phones are not entirely private or secure. Finally, the prohibition found at § 5-71-227, being criminal in nature, must be strictly construed in favor of defendants. S.T. v. State, 318 Ark. 499,885 S.W.2d 885 (1994). This, in my opinion, is another reason the prohibition will not, in all likelihood, be applied to cellular phones in parked cars.
It should be noted, however, that my opinion that Act 146 of 1989 does not prohibit the conduct you describe does not mean that individual school boards cannot make rules pertaining to the use of cellular telephones by students on school property. This may be well within their discretion. In my opinion, however, such possession is not prohibited byAct 146 of 1989.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh